**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THE SECRETARY OF THE U.S. DEPARTMENT**
**OF HOUSING AND URBAN DEVELOPMENT,**
**an agency of the United States of America,**

<b>Plaintiff,</b>

<b>v.</b>                                          **3:20-CV-1441**
                                                                     **(FJS/ML)**

**JEAN L. GILBERT; JOHN DOE #1-5, said**
**names being fictitious, it being the intention**
**of Plaintiff to designate any and all occupants,**
**tenants, persons or corporations, if any,**
**having or claiming an interest in or lien**
**upon the premises being foreclosed herein; and**
**JANE DOE #1-5, said names being fictitious, it**
**being the intention of Plaintiff to designate any**
**and all occupants, tenants, persons or**
**corporations, if any, having or claiming an**
**interest in or lien upon the premises being**
**foreclosed herein,**

<b>Defendants.</b>
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **MANFREDI LAW GROUP, PLLC**<br>302 East 19th Street, Suite 2A<br>New York, New York 10003<br>Attorneys for Plaintiff | **JOHN MANFREDI, ESQ.** |
| **JEAN L. GILBERT**<br>Defendant | **NO APPEARANCE** |
| **JOHN DOE #1-5**<br>Defendants | **NO APPEARANCE** |
| **JANE DOE #1-5**<br>Defendants | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff filed its complaint in this action on November 22, 2020, *see* Dkt. No. 1, and duly served Defendant Gilbert with the summons and complaint, *see* Dkt. No. 3, and her time to answer or otherwise appear in this action has expired.  On January 16, 2021, Plaintiff requested a Clerk's entry of default, *see* Dkt. No. 4, which the Clerk of the Court entered on January 19, 2021, *see* Dkt. No. 5.  Plaintiff filed its pending motion for entry of a default judgment and entry of judgment of foreclosure and sale on March 8, 2021.  *See* Dkt. No. 7.

### II. BACKGROUND

Plaintiff brought its action against Defendant Gilbert to foreclose on a Home Equity Conversion Mortgage ("HECM"), also known as a reverse mortgage, which is a program regulated and set forth in 24 CFR Part 206, *et seq.* and all subsequent handbooks (4330.1 REV-5), mortgagee letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development.  *See* Dkt. No. 7-1, Affidavit of Mikel Anderson, Plaintiff's Chief Counsel ("Anderson Affidavit") at ¶ 10.  Pursuant to this program's requirements, Defendant Gilbert was duly counseled regarding the HECM loan program prior to execution of the note and mortgage that are the subject of this action.  *See id.* at ¶ 12.

On or about August 16, 2005, Defendant Gilbert executed and delivered to Community Home Equity Conversion Corp. an Adjustable Rate Note ("Note") and, as collateral of aforesaid Note, a Mortgage in the amount of $78,000.00.  *See id.* at ¶ 13.  The Mortgage was recorded in the Office of the Clerk of Chenango County on August 25, 2005.  *See id.* at ¶¶ 13-14 & Exhibit "A" attached thereto.  The mortgaged premises is 66 Pearl Street, Bainbridge, NY 13733.  *See id.*

at ¶ 15.  Simultaneous with her execution of the Mortgage and Note, Defendant Gilbert executed and delivered a second note and collateral mortgage ("Collateral Mortgage and Second Note") in favor of Plaintiff dated August 16, 2005, recorded on August 25, 2005, in the Chenango County Clerk's Office.  *See id.* at ¶ 16 & Exhibit "B" attached thereto.

After several assignments, Nationstar Mortgage, LLC, d/b/a Champion Mortgage Company assigned the Mortgage to Plaintiff by an assignment dated November 17, 2018, and recorded on November 19, 2018, in the Chenango County Clerk's Office.  *See id.* at ¶ 24 & Exhibit "F" attached thereto.  As a result of this assignment Plaintiff is the owner and holder of the Mortgage and Note and, as such, has the authority to institute this mortgage foreclosure action.  *See id.* at ¶ 25.

Pursuant to ¶ 7(b)(i) of the Note, titled "IMMEDIATE PAYMENT IN FULL," Plaintiff may require immediate payment in full if the property ceases to be the principal residence of the borrower for reasons other than death.  *See id.* at ¶ 26.  Defendant Gilbert, the borrower, moved out of the mortgaged premises on or about November 2018 and the mortgaged premises has been abandoned since that time.  *See id.* at ¶¶ 27-28.  Plaintiff notes that, based on attempted service made on December 28, 2020, the mortgaged premises is not the principal residence of Defendant Gilbert and she resides at 28652 NY-23, Stamford, NY 12167.  *See id.* at ¶¶ 29-30 (citing Exhibit "H" and Affidavit of Service).

Plaintiff has elected to declare the entire sums secured by the Note and Mortgage to be due and payable as a result of Defendant Gilbert's default.  *See id.* at ¶¶ 30-31.  This event of default triggered the right to foreclose and payment of all outstanding amounts due on the Note.  *See id.* at ¶ 32.

Plaintiff states that an Acceleration and Notice of Intent to Foreclose was issued on August 6, 2019, to Jean L. Gilbert, c/o her designated power of attorney agent, Christine Sbragia, granddaughter. *See id.* at ¶ 33 & Exhibit "G" attached thereto.

According to Plaintiff, there is now due and payable, as of February 24, 2021, the total sum of $73,778.27 on the Note, itemized as follows:

> Principal: $45,865.48
> > (Principal balance increases as lender advances charges and fees, such as for assessments, taxes or lien secured payments in the nature of taxes, unpaid by the borrower, in accordance with the "reverse mortgage" nature of the HECM program as set forth in 24 CRF 206.207 and other relevant directives)
>
> Accrued Interest: $17,958.45
> > (Interest accrued in accordance with adjustable rate note/mortgage; 1.620% per annum/$4.19 per diem)
>
> Service Charges: $5,610.00
> > (Set forth in HUD Handbook 4330.1 (13-15))[1]
>
> Mortgage Insurance Premium: $4,344.34
> > (Set forth in 24 CFR 206.105; 24 CFR 206.27(7); 206.103 et seq. and HUD Handbook 4330.1 (13014) et seq.)[2]
> Total Mortgage Amount Due as of February 24, 2021:
> **$73,778.27**

*See id.* at ¶ 34.

---

[1] Plaintiff's Chief Counsel explains that "[t]he monthly servicing fee charged on a HECM loan is set at the time of loan closing in compliance with the Note terms and 24 CFR 206.207. The amount is consistent throughout the life of the HECM. For this account, the servicing fee is $35.00 per month." *See* Anderson Affidavit at ¶ 36.

[2] Plaintiff's Chief Counsel explains that "[t]he monthly Mortgage Insurance Premium (MIP) for this account is calculated at a rate of 0.5% of the balance after an initial MIP of $4,234.56 was applied to this account at closing." *See* Anderson Affidavit at ¶ 37.

Plaintiff notes that it is not seeking a deficiency judgment or attorney's fees in this action. *See id.* at ¶¶ 45-46.  Rather, it merely seeking a judgment of foreclosure and sale.  *See id.* at ¶ 47. With regard to the sale, Plaintiff's Chief Counsel states that he has "reviewed the description of the property and [has] determined that the mortgaged premises should be sold as one parcel as more particularly described in 'Schedule A' attached."  *See id.* at ¶ 48 & Schedule A attached thereto.

## III. DISCUSSION

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default.  *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defendant the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").  Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i] all other cases."  Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P.

55(b)(2), with a clerk's certificate of entry of a default . . ., a proposed form of default judgment, and a copy of the pleading to which no response has been made").

## A.    Liability

By failing to answer, Defendant Gilbert is deemed to have admitted the factual allegations in the complaint.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)).  However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief."  *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Kinkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Having reviewed the allegations in the Complaint, the Court finds that Plaintiff has established Defendant Gilbert's liability.

## B.    Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at

a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R> Civ. P. 55(b)(2)) (other citation omitted).  A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages.  *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R> Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed affidavit and documentary evidence that Plaintiff has provided.  Thus, the Court grants Plaintiff's motion for entry of a default judgment as follows:

| | |
|---|---|
| Unpaid Principal | $45,865.48 |
| Accrued Interest (through February 24, 2021) | 17,958.45 |
| Service charges | 5,610.00 |
| Mortgage insurance premium | 4,344.34 |
| **Total due through February 24, 2021** | **$73,778.27**[3] |

---

[3] With regard to Plaintiff's request for costs, the Court notes that, pursuant to this District's Local Rules,

> [t]he party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file . . . a verified bill of costs on the forms that the Clerk provides, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been necessarily incurred in the case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service.  The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs it seeks.

N.D.N.Y. L.R. 54.1(a).

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment and for judgment of foreclosure and sale against Defendant Gilbert, *see* Dkt. No. 7, is **GRANTED**; and the Court further

**ORDERS** that this action is **DISMISSED** against Defendants "John Doe #1-5" and "Jane Doe #1-5"; and the Court further

**ORDERS** that Plaintiff shall have judgment for the sum of **$45,865.48** in principal, plus accrued interest in the sum of **$17,958.45** due as of **February 24, 2021**, service charges of **$5,610.00**, and mortgage insurance premium due in the sum of **$4,344.34**; and the Court further

**ORDERS** that the mortgaged premises described in the complaint and as hereinafter described, shall be sold in accordance with the requirements of New York Real Property Actions and Proceedings Law ("N.Y. RPAPL") in one parcel at public auction to be held at the **Chenango County Courthouse**, located at **West Park Place, Norwich, New York 13815** by and under the direction of **Josephine Yang-Patyi, Esq.** of **2700 Court Street, Suite 8, Cortland, New York 13045**, who the Court hereby appoints as Master for that purpose. Furthermore, said Master shall give public notice of the time and place of said sale in accordance with N.Y. RPAPL § 231 by advertising in **The Evening Sun**; and the Court further

**ORDERS** that the Master shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Master in cash or certified or bank check payable to such Master, ten

---

Therefore, the Court instructs Plaintiff that, if it wants to recover its costs, it must file its request in accordance with the Local Rules.

percent of the sum bid, and shall execute a Terms of Sale for the purchase of the premises, unless Plaintiff is the successful bidder, in which case, no deposit against the purchase price shall be required; and the Court further

      **ORDERS** that, in the event that the first successful bidder fails to pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction; and the Court further

      **ORDERS** that the closing of title shall take place at the office of the Master or at such other location as the Master shall determine within thirty days after such sale unless all parties stipulate otherwise.  The Master shall transfer title only to the successful bidder at the auction. The parties may stipulate to any delay or adjournment of the closing date beyond thirty days, with the Master's consent, up to ninety days from the date of sale; any adjournment beyond ninety days may be set only with this Court's approval; and the Court further

      **ORDERS** that said Master shall deposit the balance of said proceeds of sale in her own name as Master in her attorney-client fund/escrow bank account and shall thereafter make the following payments and her checks drawn for that purpose shall be paid by said depository:

            1st, the sum of **$750.00** paid to said Master for her fees herein;

            2nd, the expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Master to be correct, copies of which shall be annexed to the Master's Report of Sale;

            3rd, pursuant to New York Real Property Acts and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency, which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment;

4th, the sum of **$73,778.27** due to Plaintiff under the note and mortgage as of **February 24, 2021**, plus post judgment interest accruing thereon pursuant to 28 U.S.C. § 1961(b); and the Court further

**ORDERS** that said Master shall deposit the surplus monies, if any, with the Clerk of this Court within five days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only upon the Order of this Court; and the Court further

**ORDERS** that in case Plaintiff is the purchaser of the mortgaged premises at such sale, the Master shall not require Plaintiff to pay in cash the entire amount bid at the sale but shall execute and deliver to Plaintiff a deed of the mortgaged premises sold upon payment to the master of the sum awarded to him or her under the above provisions marked "1st," "2nd," and "3rd" if the Master paid such expenses or in lieu of the payment of said last mentioned amounts, upon filing with said master receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Master for compensation and expenses, taxes, assessments, water rates, sewer rents and priority liens of a city agency, shall be allowed to Plaintiff as specified in item marked "4th."  If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to said Master, upon delivery to Plaintiff of said Master's deed, the amount of such surplus, which the Master shall apply, upon motion made pursuant to N.Y. RPAPL § 1351(3) and proof satisfactory to the Master of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to N.Y. RPAPL § 1354(3), which payment shall be reported in the Master's Report of Sale.  Any surplus remaining after all payments as herein provided shall be deposited into this Court in accordance with N.Y. RPAPL § 1354(4), and the Master shall immediately give notice of such surplus to the

owner of the mortgaged premises as identified by Plaintiff at the time of the sale; and the Court further

      **ORDERS** that the Master shall file her Report of Sale under oath with the Clerk of the Court, showing the disposition of the proceeds of the sale, with all convenient speed.  If the proceeds of such sale are insufficient to pay the amount adjudged due to Plaintiff with the expenses, interest and costs as aforesaid, said Master shall specify the amount of such deficiency in her Report of Sale; and the Court further

      **ORDERS** that the purchaser at said sale shall be let into possession on production of the Master's deed; and the Court further

      **ORDERS** that each and all Defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien, and equity of redemption in said mortgaged premises and each and every part thereof; and the Court further

      **ORDERS** that the mortgaged premises shall be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, and any building and zoning ordinance of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of New York Real Property Actions and Proceedings Law.  Risk of loss shall not pass to purchaser until closing of title.  The premises affected by this action are situated entirely within the County of Chenango and designated as **66 Pearl Street Extension,**

**Bainbridge, New York 13733**, further described in the attached **Schedule "A,"** together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said mortgage as described in the amended complaint; and the Court further

       **ORDERS** that, in the absence of the Master, the Court may designate a Substitute Master forthwith.

**IT IS SO ORDERED**.

Dated:  February 4, 2022
          Syracuse, New York

                                       Frederick J. Scullin, Jr.
                                       Senior United States District Judge